IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,451-02






EX PARTE GREGORY E. WRIGHT









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

FROM CAUSE NO. W97-01215-J(B)

IN THE CRIMINAL DISTRICT COURT NO. 3

DALLAS COUNTY




 Per Curiam.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In December 1997, a jury found applicant guilty of capital murder. The jury answered
the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071,
and the trial court, accordingly, set applicant's punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Wright v. State, 28 S.W.3d 526 (Tex.
Crim. App. 2000). Applicant filed his initial post-conviction application for writ of habeas
corpus in the convicting court on July 28, 1999. In that application, applicant raised twenty-three claims, in which he challenged the constitutionality of Articles 11.071 and 37.071,
claimed that he is actually innocent, and claimed that he received ineffective assistance of
both trial and appellate counsel. This Court denied applicant relief. Ex parte Wright, No.
WR-46,451-01 (Tex. Crim. App. Sept. 13, 2000)(not designated for publication). 

 Applicant filed his first subsequent application in the trial court on August 20, 2008. 
He raised two claims in the application: (1) an actual innocence claim based upon newly
discovered evidence; and (2) several "gateway" claims of constitutional violations. On
September 9, 2008, we held that applicant had met the dictates of Article 11.071, § 5, with
regard to the actual innocence claim raised in his first allegation. Therefore, we remanded
that allegation to the trial court to investigate the claim and develop the record. We did not
pass upon whether applicant's second allegation of various "gateway" claims met the dictates
of Section 5, but we did determine that the trial court could consider those "gateway" claims
as appropriate in relation to its review of the actual innocence recantation claim. We
declined to stay applicant's execution in light of the trial judge's order modifying the
execution date to October 30, 2008.

 The case has now been returned to this Court. The trial court held a hearing and
determined that, while applicant's co-defendant John Adams did write a letter and sign
interrogatories stating that applicant played no part in the crime, Adams claimed that he gave
applicant those documents in order to allow him more time with his wife. Otherwise, Adams
testified at the hearing that the content of the documents was false; applicant did participate
in the crime as the principal actor. Adams also further clarified some minor details of the
offense that had previously been uncertain.

 Given the testimony at the hearing, the trial court found that applicant's claim of
actual innocence was unsupported and his "gateway" claims had no merit. He recommended
that applicant be denied relief. We agree. The trial court's findings and conclusions are
supported by the record, and we adopt them. Relief is denied. 

 IT IS SO ORDERED THIS THE 28TH DAY OF OCTOBER, 2008.


Do Not Publish